**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY SETTLES, | ) |
| Petitioner, | ) 3:10-cv-00779-RCJ-VPC |
| vs. | ) |
| | ) **ORDER** |
| ROBERT LeGRAND, *et al.*, | ) |
| Respondents. | ) |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 15.)[1] Petitioner has opposed the motion. (ECF No. 18.)

**I.   Procedural History and Background**

On January 14, 2008, the State of Nevada filed an amended information in the Eighth Judicial District Court for the State of the Nevada ("District Court") charging petitioner, Jeremy Ted Settles, with three counts of lewdness with a child under the age of fourteen. (Exhibits to Mot. to Dismiss Ex. 4.)[2] On January 18, 2008, petitioner agreed to plead guilty to one count of attempted lewdness with a child

---

[1] Petitioner argues that the court should summarily dismiss the motion to dismiss because it was filed one day late. Petitioner is correct that respondents' motion was filed one day after the deadline established by the court. However, it is clear that petitioner was not prejudiced by the untimely filing, as he was able to substantively and thoroughly oppose the motion. The court concludes that good cause supports considering the motion on its merits.

[2] The exhibits referenced in this order are found in the court's record at ECF No. 16, which were filed in support of respondents' motion to dismiss.

under the age of fourteen pursuant to guilty plea agreement with the state. (*Id*. Ex. 5.) The District Court entered its judgment of conviction on April 18, 2008, and sentenced petitioner to 96 to 240 months in prison with the sentence to be served consecutively to petitioner's sentence from a Missouri criminal case. (*Id*. Ex. 6.) The District Court also imposed a special sentence of lifetime supervision upon petitioner's release from prison, probation, or parole. (*Id*.)

On March 25, 2009, petitioner, appearing *pro se*, filed a post-conviction petition in District Court. (*Id*. Ex. 74.) Without holding an evidentiary hearing, the District Court denied post-conviction relief on July 10, 2009, based on the petition not being on the proper form and not being verified by petitioner. (*Id*. Ex. 9.) Petitioner appealed the denial to the Nevada Supreme Court. (*Id*. Ex. 10.) On January 8, 2010, the Nevada Supreme Court reversed the District Court's decision and remanded the case, instructing the District Court to allow petitioner to file a verified amended petition. (*Id*.) On January 25, 2010, petitioner filed an amended post-conviction petition in District Court. (*Id*. Ex. 11.) Without holding an evidentiary hearing, the District Court denied post-conviction relief on March 4, 2010. (*Id*. Ex. 14.) Petitioner appealed. (*Id*. Ex. 15.) On September 29, 2010, the Nevada Supreme Court affirmed the District Court's denial of post-conviction relief. (*Id*.)

Petitioner filed his federal petition for writ of habeas corpus in this court on December 15, 2010. (ECF No. 1.) On May 5, 2011, petitioner filed a second amended petition. (ECF No. 9.) Respondents move to dismiss the petition because several grounds are unexhausted or conclusory.

**II.  Discussion**

A.  Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct

appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

In this case, respondents argue that grounds 1(c), 1(f), 1(g), 1(i), 4, 5(a), 5(d), and 6 are

unexhausted.[3]

In ground 1(c), petitioner claims that his trial counsel was ineffective because he misrepresented the law under *Miranda*. (ECF No. 9 at 3.) Petitioner claims that his counsel incorrectly told him that parole and probation do not have to adhere to *Miranda.* (ECF No. 9-2 at 5.) Petitioner presented this claim in the memorandum in support of his state post-conviction petition. (Exhibits to Mot. to Dismiss Ex. 11, Memorandum in Support at 17.) Petitioner appealed the denial of his post-conviction petition to the Nevada Supreme Court. Thus, the court concludes that ground 1(c) is exhausted and denies respondent's motion to dismiss as to this subground.

In ground 1(f), petitioner claims that his trial counsel was ineffective because he entered false statements via the prosecuting attorney into the court record. (ECF No. 9 at 3.) Petitioner states that the prosecutor told the court that petitioner's counsel needed time to review the presentence report with petitioner but that this was a false statement because counsel never reviewed the presentence report with him. (ECF No. 9-2 at 6.) As with ground 1(c), petitioner presented this claim in the memorandum in support of his state post-conviction petition. (Exhibits to Mot. to Dismiss Ex. 11, Memorandum in Support at 19-20.) Petitioner appealed the denial of his post-conviction petition to the Nevada Supreme Court. Therefore, the court concludes that ground 1(f) is exhausted and denies respondent's motion to dismiss as to this subground.

In ground 1(g), petitioner claims that trial counsel was ineffective because he failed to discuss the presentence investigation report with him to correct factual errors in the report. (ECF No. 9 at 3.) For purposes of ruling on the instant motion to dismiss, the court assumes, but does not decide, that his ground is exhausted because as discussed below, ground 1(g) fails to state a claim.

In ground 1(i), petitioner claims that his trial counsel was ineffective because he failed to inform

---

[3] Petitioner objects to respondents' use of subgrounds in classifying his claims. Petitioner states that he intended each ground to be a single claim with supporting facts. The court finds no error in respondents' use of subgrounds to analyze petitioner's claims. The court agrees that dividing petitioner's grounds into subgrounds is the correct mode of analysis because within each ground, petitioner includes separate theories of relief. Therefore, the court will address the instant motion using the subground classifications provided by respondents.

him of, or effect, a direct appeal. (ECF No. 9 at 3.) Petitioner exhausted this ground on appeal from the denial of his post-conviction petition in his "supplemental brief and additional points and authorities," which was received by the Nevada Supreme Court on August 5, 2010.[4] (Opp'n to Mot. to Dismiss Ex. E at 2.) In affirming the District Court's denial of post-conviction relief, the Nevada Supreme Court stated that it had "reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted." (Exhibits to Mot. to Dismiss Ex. 15 at 4 n.4.) Therefore, ground 1(i) is exhausted.

In ground 4, petitioner claims that his Eighth Amendment rights to be free from cruel and unusual punishment were violated because: (a) he was mentally and verbally abused by Detective Sackett; (b) the investigating officers endangered his safety by requiring him to drive himself to the probation and parole office while he was under the influence of a prescription narcotic and suffering from a concussion; and (c) he is sentenced to lifetime supervision, which is a second and successive sentence to his sentence of 2 to 20 years. Petitioner points to pages 21 and 22 of the memorandum in support of his state post-conviction petition to show that he exhausted all of ground 4. However, these pages only discuss ground 4(c). (Exhibits to Mot. to Dismiss Ex. 11, Memorandum in Support at 21-22.) Therefore, grounds 4(a) and 4(b) are unexhausted.

In ground 5, petitioner claims that his Fourteenth Amendment rights to due process and equal protection were violated because: (a) lifetime supervision is only imposed on sex-offenders and not other types of criminals; (b) Detective Sackett was abusive to petitioner and was allowed to interview him twice without intervention from other officers; (c) trial counsel failed to file suppression motions for statements and evidence obtained in violation of *Miranda*; and (d) petitioner was not provided a copy of his presentence investigation report prior to sentencing and was never afforded the opportunity to

---

[4] The online docket for petitioner's appeal from the denial of his post-conviction petition can be accessed from: http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=23361 . The court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 2012 U.S. App. LEXIS 11695, at *11, 2012 WL 2060666 (9th Cir.2012). The court takes judicial notice of the online docket from Nevada Supreme Court case number 55566.

discover and dispute the errors contained in the report. Petitioner presented grounds 5(a) and 5(d) in the memorandum in support of his state post-conviction petition. (Exhibits to Mot. to Dismiss Ex. 11, Memorandum in Support at 23, 27-29.) Petitioner appealed the denial of his post-conviction petition to the Nevada Supreme Court. Therefore, the court concludes that grounds 5(a) and 5(d) are exhausted.

In ground 6, petitioner claims that his conviction and/or his sentence are illegal due to violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), wrongful prosecution, and conspiracy arising from: (a) his life being put at risk by Officer Hubbards' order to report while he was physically and mentally incapacitated; (b) Officer Hubbards' disclosure of information in violation of 5 U.S.C. § 552a(9) and 5 U.S.C. § 552b(b)(7)(f)[5] regarding petitioner's criminal cases in Nevada and Missouri; (c) the conspiracy between Officer Hubbard, John Pacult, and Kathleen Houlihan to falsely report that petitioner was in a relationship and dishonorably discharged from the United States Air Force; (d) Officer Patricia Heldt's questioning of Heather Guerrero's two childeren without Guerrero's consent and out of her presence; (e) Officer Patricia Heldt's interruption of the taping of an interview; (f) Officer Heldt's failure to question petitioner or investigate any other suspects; (g) the judge, prosecutor, and investigation officers were all women, which suggested a conspiracy through sexual discrimination; and (h) the imposition of lifetime supervision puts petitioner under constant threat of false accusation, abuse, and possible prosecution by corrupt parole and probations officers. The documents presented in state court to which petitioner points show that he exhausted grounds 6(b), 6(d), 6(g), and 6(h) in the memorandum in support of his state post-conviction petition. (Exhibits to Mot. to Dismiss Ex. 11, Memorandum in Support at 30, 37-39.) However, as to ground 6(c), the page that petitioner provides as exhibit H in his opposition to the motion to dismiss, to show that he exhausted, is actually a page from his original federal habeas petition filed in this court—not a document presented in state court. Therefore, ground 6(c) is unexhausted. Additionally, grounds 6(a), 6(e), and 6(f) are unexhausted.

B. Conclusory Claims

---

[5] Petitioner cites to 5 U.S.C. 522a, however, the Freedom of Information Act is located at 5 U.S.C. § 552a.

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Respondents argue that grounds 1(c), 1(d), 1(f), 1(g), 6(b), 6(d), 6(e), and 6(f) fail to state claims.

Respondents argue that ground 1(c) is insufficiently pled because petitioner does not state how counsel misrepresented the law under *Miranda*. However, in the supplemental brief petitioner attaches to his petition, he claims that his counsel incorrectly told him that parole and probation do not have to adhere to *Miranda*. (ECF No. 9-2 at 5.) Thus, the court concludes that ground 1(c) states a claim.

In ground 1(d), petitioner argues that trial counsel was ineffective because he failed to secure witnesses on petitioner's behalf. Respondents argue that ground 1(d) is inadequately pled because petitioner fails to indicate which witnesses should have been secured and how he was prejudiced without them. The court agrees and dismisses ground 1(d) as conclusory.

Respondents argue that ground 1(f) fails to state a claim because petitioner fails to indicate what false statement his trial counsel entered. As set forth above, petitioner states in the supplemental brief attached to his petition that the prosecutor told the court that petitioner's counsel needed time to review the presentence report with petitioner but that this was a false statement because counsel never reviewed the presentence report with him. (ECF No. 9-2 at 6.) Nonetheless, the court concludes that ground 1(f) fails to state a claim because petitioner does not allege what prejudice he suffered based on counsel's statement that he would review the presentence investigation report, which petitioner alleges he failed to do. Plaintiff does not indicate what, if any, harm flowed from the allegedly false statement. Therefore, the court dismisses ground 1(f) as conclusory.

As discussed above, in ground 1(g), petitioner claims that trial counsel was ineffective because he failed to discuss the presentence investigation report with him to correct factual errors in the report.

1  The court concludes that ground 1(g) fails to state a claim. Petitioner does not allege what errors were
2  contained in the presentece investigation report or how those errors resulted in prejudice. Without these
3  specific facts, ground 1(g) is conclusory and fails to state a claim based on the ineffective assistance of
4  trial counsel.

5  Respondents argue that ground 6(b) fails to state a claim because petitioner fails to mention what
6  information Officer Hubbard released and how this release harmed petitioner. Ground 6(b) alleges
7  violations of the Freedom of Information Act, 5 U.S.C. § 552a. Under section 2254, the court "shall
8  entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the
9  judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws
10 or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has "stated that
11 habeas review is available to check violations of federal laws when the error qualifies as a 'fundamental
12 defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the
13 rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v.*
14 *United States*, 368 U.S. 424, 428 (1962)). Petitioner states in the supplemental brief attached to his
15 petition that Officer Hubbard exposed petitioner to harm by disclosing details of his criminal case from
16 Missouri and details of her investigations in this instant case to several people, including petitioner's
17 employer. (ECF No. 9-2 at 31-32.) Petitioner fails to state a claim because although he alleges that he
18 faced a risk of harm from the general public, he does not provide factual allegations supporting a claim
19 that Officer's Hubbard's disclosures, even assuming they were in violation of 5 U.S.C. § 552a, resulted
20 in a complete miscarriage of justice or were inconsistent with the rudimentary demands of fair procedure.
21 Thus, the court dismisses ground 6(b) as conclusory.

22 Respondents argue that ground 6(c) fails to state a claim because petitioner does not state how
23 the alleged conspiracy violated his federal rights. Petitioner states in the supplemental brief attached to
24 his petition that the conspiracy to erroneously report that he was in a relationship and that he had been
25 dishonorably discharged from the United States Air Force prejudiced the court toward him. (ECF No.
26 9-2 at 32-33.) The court agrees with respondents that petitioner fails to provide allegations stating how

8

this conspiracy resulted in a violation of his federal rights. Therefore, the court dismisses ground 6(c) as conclusory.

Respondents argue that ground 6(d) fails to state a claim because petitioner fails to show how Officer Heldt's improper questioning of Heather Guerrero's children violated his federal rights. The court agrees. Petitioner fails to allege that he suffered injury to his federal rights as a result of Officer Heldt's actions in questioning Guerrero's children. Thus, the court dismisses ground 6(d) as conclusory.

The court need not address whether grounds 6(e) or 6(f) state claims for relief at this time because, as discussed above, these grounds are unexhausted.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds the following grounds to be unexhausted:

- Ground 4(a)
- Ground 4(b)
- Ground 6(a)
- Ground 6(c)
- Ground 6(e)
- Ground 6(f)

Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315

F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 15) is **GRANTED in part and DENIED in part.** Grounds 4(a), 4(b), 6(a), 6(c), 6(e), and 6(f) are unexhausted. Grounds 1(d), 1(f), 1(g), 6(b), 6(c), and 6(d) are **DISMISSED** as conclusory.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

///

///

///

1     **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

    Dated this 21st day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE